UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSHON HAMPTON,

    Plaintiff,

v.

CHIEF JUDGE DENISE PAGE HOOD,

    Defendant.

Case No. 21-12883

Honorable Nancy G. Edmunds

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYING FEES OR COSTS [5]
AND DISMISSING PLAINTIFF'S AMENDED COMPLAINT**

The matter is before the Court on its own review of Plaintiff Dushon Hampton's pro se amended complaint filed against Chief Judge Denise Page Hood. (ECF No. 4.) Plaintiff has also filed an application to proceed without prepaying fees or costs. (ECF No. 5.) The Court has reviewed Plaintiff's application and GRANTS Plaintiff's request to proceed in forma pauperis. For the reasons discussed below, however, the Court DISMISSES Plaintiff's amended complaint.

**I.    Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs ("in forma pauperis" or "IFP") if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his family with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Here, Plaintiff states his only source of

1

income is disability benefits and he does not have any money in cash or in a checking or savings account and does not own any property. (ECF No. 5.) Based on this declaration, the Court grants Plaintiff's application to proceed IFP.

## II. Relevant Background

On December 12, 1994, Plaintiff pled guilty in this district to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Case no. 93-cr-81173.) This was Count 2 of a three-count indictment. The remaining counts were dismissed as part of a Rule 11 plea agreement. Plaintiff was sentenced to 27 months of imprisonment. On direct appeal, the Sixth Circuit affirmed. *United States v. Hampton*, No. 95-1354, 1996 U.S. App. LEXIS 12450, at *3 (6th Cir. Apr. 2, 1996).

Plaintiff subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing his conviction was invalid because his civil rights had been restored under Michigan law prior to his possession of the firearm. The district court denied Plaintiff's motion but granted Plaintiff a certificate of appealability on this claim. On appeal, the Sixth Circuit agreed that Plaintiff's civil rights had been restored and concluded the record did not reflect that the government could establish guilt on the § 922(g) charge. *Hampton v. United States*, 191 F.3d 695, 702-03 (6th Cir. 1999). The Sixth Circuit therefore vacated the district court's judgment denying the motion to vacate and remanded the case for further proceedings "to allow Petitioner the opportunity to make a showing of actual innocence on all charges presented in the indictment." *Id.* at 703. On remand, the district court held an evidentiary hearing in order to give Plaintiff an opportunity to present evidence of his actual innocence. Plaintiff was represented by counsel but declined to put forth evidence of actual innocence as to the dismissed counts,

so the district court denied his § 2255 motion. The Sixth Circuit affirmed the district court's judgment denying Plaintiff's motion to vacate. *Hampton v. United States*, 46 F. App'x 827, 830 (6th Cir. 2002).

On December 27, 2002, Plaintiff filed a civil rights case due to alleged violations of his constitutional rights against several defendants involved in his criminal prosecution, including the Assistant United States Attorneys who prosecuted the case and the ATF agent who investigated the case. (Case no. 02-cv-74761.) The district court dismissed the complaint, finding in part that Plaintiff's 42 U.S.C. § 1983 claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they would imply the invalidity of his conviction and sentence, which had not been reversed or otherwise invalidated. The Sixth Circuit affirmed. *Hampton v. Marion*, 98 F. App'x 410, 413 (6th Cir. 2004).

Plaintiff's current civil rights complaint stems from the same 1994 criminal prosecution. Plaintiff mentions the Sixth Circuit's 1999 finding that his civil rights had been restored prior to his possession of the firearm without acknowledging the subsequent procedural history. He avers his constitutional rights as well as several criminal statutes have been violated "by keeping a penalty on an individual despite the fact that he's proven he was innocent." Plaintiff names Judge Hood as the defendant in this case because "she is now in charge of the Federal District Court of Michigan." He requests she "correct" the judicial and prosecutorial misconduct that allegedly took place leading to his conviction. More specifically, Plaintiff requests an expungement.

### III. Legal Standard

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114

3

F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).  Specifically, the district court is obligated to dismiss a civil complaint if it "is frivolous or malicious [or] fails to state a claim on which relief may be granted."  *See* § 1915(e)(2)(B).

Also, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte."  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  Even in the case of a plaintiff who has paid a filing fee, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

### IV.  Analysis

Chief Judge Hood was not involved in the underlying criminal proceedings here and Plaintiff has admittedly named her as the defendant simply because she is Chief Judge.  But to the extent there is any claim against Judge Hood, it is barred by the principle of judicial immunity.  Judges enjoy absolute immunity from personal liability for "acts committed within their judicial jurisdiction."  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  The doctrine of absolute judicial immunity extends to requests for injunctive relief.  *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) (citation omitted)  Because Chief Judge Hood is entitled to absolute judicial immunity, this case is dismissed for lack of subject matter jurisdiction.  *See Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir.

4

2003) (affirming the district court's sua sponte dismissal of a complaint under *Apple* because the named defendant, a judge, was entitled to absolute judicial immunity); *Forbush v. Zaleski*, 20 F. App'x 481, 482 (6th Cir. 2001) (same).

And even if Plaintiff had named a party other than Judge Hood as the defendant in this case, it would still be subject to dismissal. Plaintiff's entire complaint rests on a premise—that he was proven innocent—that has no basis in fact. As the Sixth Circuit previously confirmed, Plaintiff did not successfully challenge his prior conviction. *See Hampton*, 98 F. App'x at 412. Moreover, to the extent Plaintiff cites to several criminal statutes, a private citizen may not bring a cause of action under a criminal statute. *See Jenkins v. Methodist Healthcare*, No. 15-6195, 2016 U.S. App. LEXIS 10598, at *5 (6th Cir. May 6, 2016) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). In sum, even if the Court had jurisdiction over this case, Plaintiff has failed to state a claim upon which relief may be granted.

**V.     Conclusion**

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED, and Plaintiff's amended complaint is DISMISSED WITH PREJUDICE.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 5, 2022

5

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2022, by electronic and/or ordinary mail.

                                                  s/Lisa Bartlett
                                                  Case Manager