UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSHON HAMPTON,

    Plaintiff,

v.

CHIEF JUDGE DENISE PAGE HOOD,

    Defendant.

_____/

Case No. 21-12883

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S REQUEST TO REINSTATE CASE [8],
PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL [9],
AND PLAINTIFF'S MOTION FOR EXPUNGEMENT [10]**

On January 5, 2022, the Court granted Plaintiff Dushon Hampton's application to proceed in forma pauperis and dismissed the amended complaint he filed against Chief Judge Denise Page Hood with prejudice. (ECF No. 6.) The Court also entered judgment on the order and closed the case. (ECF No. 7.) The matter is now before the Court on Plaintiff's request for reinstatement of the case (ECF No. 8), Plaintiff's motion for the appointment of counsel (ECF No. 9), and Plaintiff's motion for expungement (ECF No. 10). For the reasons set forth below, the Court DENIES Plaintiff's motions.

The Court construes Plaintiff's request for reinstatement of the case as a motion for reconsideration. But Plaintiff has not presented any new facts or argument that would lead the Court to reconsider its prior conclusions that Chief Judge Hood is entitled to absolute judicial immunity and Plaintiff failed to state a claim upon which relief may be granted. Thus, the Court denies Plaintiff's motion for reinstatement of this case. Because the case remains closed, Plaintiff's motion for the appointment of counsel is denied as moot.

1

Plaintiff's motion for an expungement of his criminal conviction was improperly filed within this civil case. The Court therefore denies the motion on the basis of this procedural irregularity. In addition, the Court notes that absent a statutory basis for expungement, federal courts retain, at best, ancillary jurisdiction only over motions for expungement challenging unconstitutional convictions. *See United States v. Field*, 756 F.3d 911, 915-16 (6th Cir. 2014); *see also United States v. Robinson*, No. 94-1945, 1996 U.S. App. LEXIS 8245, at *5 (6th Cir. Mar. 8, 1996) ("courts have uniformly denied expunction requests regarding valid convictions"). As noted by the Court in its previous order, despite Plaintiff's assertions to the contrary, Plaintiff did not successfully challenge the conviction he now asks the Court to expunge from his records. *See Hampton v. United States*, 46 F. App'x 827, 830 (6th Cir. 2002). Because the assertion of ancillary jurisdiction over Plaintiff's request for an expungement is not necessary to vindicate any prior court ruling, any properly filed motion to expunge would be subject to denial. *See Field*, 756 F.3d at 916-17.

For the foregoing reasons, Plaintiff's motions for reinstatement of this case, the appointment of counsel, and expungement are DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 25, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

2